G. SIEGLE & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. November 28, 1908.)

No. 5,116.

1. Customs Duties (§ 43*)—Classification—Orchil Extract—Persian Berry Extract—Unenumerated Articles—"Drugs."

Orchil and Persian berry extracts are not dutiable as "drugs," under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 20, 30 Stat. 152 (U. S. Comp. St. 1901, p. 1628), but as unenumerated manufactured articles under section 6, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 43.*

For other definitions, see Words and Phrases, vol. 3, pp. 2205, 2206; vol. 8, p. 7643.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CUSTOMS DUTIES (§ 43*)—ORCHIL.

Orchil extract is not included in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 628, 30 Stat. 200 (U. S. Comp. St. 1901, p. 1686), relating to "orchil, or orchil liquid," because it is a manufactured article.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 43.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below sustained in part protests of the importers against the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

MARTIN, District Judge. The importations in question, described as so-called vegetable colors and known as "Persian berry extract" and "orchil extract," were assessed for duty at the rate of 30 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 58, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630), which provides for—

"all paints, colors, pigments, lakes, crayons, smalts and frostings, whether crude, dry, or mixed, or ground with water or oil or with solutions other than oil, not otherwise specially provided for in this act, 30 per cent."

The protests claim classification under paragraph 20 of said act at the rate of one-fourth of 1 cent per pound and 10 per cent. ad valorem. That paragraph is as follows:

"Drugs such as * * * berries, * * * lichens, mosses, * * * weeds and woods used expressly for dyeing; any of the foregoing which are drugs, and not edible, but which are advanced in value or condition by refining, grinding, or other process, and not specially provided for in this act. * * *"

In some of the protests the claim is also made that the goods are dutiable at 20 per cent. ad valorem under the provision in section 6 for nonenumerated manufactured articles. These articles are not paints or colors within the meaning of paragraph 58; neither can they be classified under paragraph 20, because they are not used as drugs. The orchil is not included in the provisions of paragraph 628, because it is a manufactured article.

So far as protests 264,525 and 266,531 herein relate to the Persian berry extract described as "sap yellow" on the invoices, the decision of the board is affirmed on the authority of Berlin Aniline Works v. United States (C. C.) 154 Fed. 925, T. D. 28,280, and the merchandise held to be dutiable under section 6 at 20 per cent. ad valorem; the latter claim being set forth in said protests. I hold, further, that so far as said protests relate to orchil extract the same is properly dutiable under said section 6 at 20 per cent.; and the decision of the board with respect thereto is modified accordingly.

With respect to protest 206,562 herein, which protest makes no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

claim under said section 6, and which apparently relates to both the Persian berry extract and orchil extract, the decision of the board must be affirmed, and the merchandise subject to duty as assessed.